[No. 23844. Department Two. November 30, 1932.]

PETRO PAINT MANUFACTURING COMPANY, *Appellant*, v. S. FREEMAN *et al., Respondents,* GEORGE ZIEGLER *et al., Defendants.*[1]

*H. A. Martin,* for appellant.
*H. E. Foster,* for respondents.

TOLMAN, C. J.—Plaintiff sued upon a written contract in and by which respondents Freeman agreed to pay (for a valuable consideration) the sum of $270 in monthly installments to the defendants Ziegler and Hansen, who thereafter assigned the contract to the Finance Service Corporation, they themselves guaranteeing the payments and also procuring the plaintiff herein to guarantee all such payments.

[1]Reported in 16 P. (2d) 609.

Respondents paid but fifty dollars on account, and made default as to all other payments provided for in the contract to be paid by them.

Because of its guaranty, the plaintiff was obliged to, and did, on August 3, 1931, pay to the Finance Service Corporation the sum of $220, whereupon the Finance Service Corporation assigned the contract to the plaintiff and this action followed, the complaint setting up the facts which we have already outlined. Respondents Freeman answered the complaint by what amounts to a general denial only. The case was tried to the court sitting without a jury, and findings of fact were made to the following effect:

(1) That the plaintiff is a corporation, and has paid its annual license fee last due, and that defendants Freeman are husband and wife; (2) that defendants Ziegler and Hansen gave a valuable consideration running to the defendants Freeman for the contract, and that the contract was made and executed by the Freemans in form as alleged in the complaint; (3) that Ziegler and Hansen assigned the contract and guaranteed the payments, and that, at their request, the plaintiff joined in such guaranty, the findings setting up the written assignment and guaranty *in haec verba;* (4) that the Freemans paid fifty dollars only on account of the payments specified in the contract, and no more was paid by anyone or at all, and that, on August 3, 1931, there was due to the finance corporation on the contract the sum of $220, which sum the plaintiff then was compelled to, and did, pay to the finance corporation on the date last mentioned; (5) that, upon such payment being made, the finance corporation, in writing and for a valuable consideration, assigned the contract to the plaintiff, the findings setting up the written assignment *in haec verba;* and

(6) that no part of the $220 paid by the plaintiff to the finance corporation has been repaid to it by the defendants or either of them.

From these facts so found, the trial court drew conclusions that the plaintiff was entitled to a judgment against the defendants Ziegler and Hansen in the full amount sued for, with interest from August 3, 1931, at the rate of 6% per annum, together with its costs and disbursements, but that the defendants Freeman were entitled to be dismissed with costs. A judgment in accordance with these conclusions followed in due course. The plaintiff has appealed from that part of the judgment which dismisses the defendants Freeman with costs.

 The facts seem to argue the question sufficiently. The respondents Freeman were the parties originally bound by the contract, and by that contract, for a valuable consideration, they obligated themselves to pay the amount specified. This they have not done, and nothing has been done by anyone which has in any manner discharged them from their liability. The appellant, as the holder of the contract by assignment, is entitled to recover from the Freemans, just as Ziegler and Hansen might have recovered if no assignment of the contract had been made.

If it were necessary to go beyond this, it might be held that the appellant, as the guarantor who paid the debt, would be subrogated to the rights of the original payees who procured the appellant to guarantee the payments so that they might realize the cash thereon before maturity; but, in any event, the liability of the respondents Freeman seems so evident that we need not further pursue the subject.

The judgment dismissing the defendants Freeman is reversed, with directions to enter judgment against the Freemans and each of them individually, and also

against the community of which the two are members, in the sum of $220, with legal interest from August 3, 1931, together with costs.

MAIN, BEALS, STEINERT, and HERMAN, JJ., concur.